IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KAREN ARLENE GARCIA,

      Plaintiff,

      vs.                                                        Civ. No. 16-686 KK

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security,**

      Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**THIS MATTER** is before the Court on the Social Security Administrative Record (Doc. 16) filed November 10, 2016 in support of Plaintiff Karen Arlene Garcia's ("Plaintiff") Complaint (Doc. 1) seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claims for Title II disability insurance benefits and Title XVI supplemental security income. On January 20, 2017, Plaintiff filed her Motion to Reverse and Remand for Rehearing With Supporting Memorandum ("Motion"). (Doc. 21.) The Commissioner filed a Response in opposition on March 21, 2017 (Doc. 23), and Plaintiff filed a Reply on April 4, 2017. (Doc. 24.) The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). Having meticulously reviewed the entire record and the applicable law and being fully advised in the premises, the Court finds the Motion is well taken and is **GRANTED.**

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the Acting Commissioner of the Social Security Administration. Fed. R. Civ. P. 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. (Docs. 4, 13, 14.)

## I. Background and Procedural Record

Claimant Karen Arlene Garcia ("Ms. Garcia") alleges that she became disabled on January 2, 2012, at the age of forty-eight because of diabetes, hypertension, arthritis, anemia, cataracts, and high cholesterol. (Tr. 194, 198.[3]) Ms. Garcia has two years of college, and worked as an accounts payable clerk, file clerk, home healthcare assistant, receptionist, and sewing operator. (Tr. 199.)

On October 4, 2012, Ms. Garcia protectively filed an application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and concurrently filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* (Tr. 165-70, 195.) Ms. Garcia's applications were initially denied on March 8, 2013. (Tr. 59, 60, 61-69, 70-78.) They were denied again at reconsideration on July 24, 2013. (Tr. 79-88, 89-98, 99, 100.) On August 14, 2013, Ms. Garcia requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 117-18.) The ALJ conducted a hearing on November 5, 2014. (Tr. 39-58.) Ms. Garcia appeared in person at the hearing with attorney Lisa Mobley.[4] (*Id.*) The ALJ took testimony from Ms. Garcia (Tr. 41-55), and an impartial vocational expert ("VE"), Thomas Griner. (Tr. 55-57.) On January 30, 2015, the ALJ issued an unfavorable decision. (Tr. 23-34.)

On April 21, 2016, the Appeals Council issued its decision denying Ms. Garcia's request for review and upholding the ALJ's final decision. (Tr. 1-7.) On June 24, 2016, Ms. Garcia timely filed a Complaint seeking judicial review of the Commissioner's final decision. (Doc. 1.)

---

[3] Citations to "Tr." are to the Transcript of the Administrative Record (Doc. 16) that was lodged with the Court on November 10, 2016.

[4] Ms. Garcia is represented in these proceedings by Attorney Michael Armstrong.

## II. Standard of Review

The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). A decision is based on substantial evidence where it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record[,]" *Langley,* 373 F.3d at 1118, or "constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992). The Commissioner's decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

In considering an application for disability insurance benefits, the Commissioner uses a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005). If the claimant successfully meets that burden, the burden of proof shifts to the Commissioner at step five to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age,

education, and work experience. 20 C.F.R. §§ 404.1520(a)(v), 416.920(a)(v); *Grogan*, 399 F.3d at 1261.

### III. Analysis

The ALJ made his decision that Ms. Garcia was not disabled at step four of the sequential evaluation. He found that Ms. Garcia had the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except that

> she is able to lift 25 pounds frequently, stand and walk for six hours in an eight-hour workday and sit for more than six hours in an eight-hour workday. She can frequently stoop and bend and only occasionally kneel, crouch and crawl.

(Tr. 31.) Based on the RFC and the testimony of the VE, the ALJ concluded that Ms. Garcia was capable of performing her past relevant work as a receptionist and that she was therefore not disabled. (Tr. 33.) On March 12, 2015, Ms. Garcia requested the Appeals Council review the ALJ's decision and stated she planned to submit additional medical evidence. (Tr. 8.) On April 22, 2015, Ms. Garcia submitted additional medical records from the University of New Mexico Hospital dated January 2, 2015, through January 21, 2105, and also submitted two medical source statements from CNP Nora Sanchez dated April 15, 2015. (Tr. 9-10, 453.) The Appeals Council denied review. (Doc. 1-7.) In so doing, it stated in pertinent part

> [w]e also looked at the Medical Assessment of Ability to Do Work-Related Activities completed by unknown physician dated April 15, 2015 (2 pages). The Administrative Law Judge decided your case through January 30, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 30, 2015.

(Tr. 2.)[5]

---

[5] This indicates that the Appeals Council did not consider the substance of the new evidence when it denied review of Ms. Garcia's claim. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (finding that the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all); *see also Box v. Shalala*, 52 F.3d 168, 172 (8th Cir. 1995) (finding Appeals Council's determination that new evidence did not relate to relevant time indicated the substance of the evidence had not been considered).

4

Ms. Garcia asserts two arguments in support of her Motion as follows: (1) the Appeals Council erroneously determined that the medical source statements Ms. Garcia submitted were not chronologically pertinent; and (2) the ALJ failed to make a function-by-function assessment of Ms. Garcia's exertional capacity to perform light work that addressed her use of a cane for ambulation and balance. (Doc. 21 at 13-20.) The Court agrees that the Appeals Council erroneously rejected the medical source statements as not chronologically relevant and failed to properly consider them in Ms. Garcia's request for review of the ALJ's determination. For this reason, this case requires remand.

### A. Consideration of Additional Evidence

On April 15, 2015, CNP Nora Sanchez[6] completed two medical source statements on Ms. Garcia's behalf. (Tr. 9-10.) Having considered Ms. Garcia's "medical history and the chronicity of findings as *from March 2013 to current examination,*" she assessed as to her ability to do work-related physical activities, that due to pain and fatigue Ms. Garcia was unable to maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently. (Tr. 10.) (Emphasis added.) She further assessed that Ms. Garcia (1) could occasionally lift and/or carry less than 5 pounds; (2) could stand and or walk for less than 2 hours in an 8-hour workday; (3) could sit for less than four hours in an 8-hour workday; (4) was limited in her upper and lower extremities for pushing and/or pulling; (5) was limited in her ability to reach overhead in all directions; and (6) could never kneel, stoop, crouch or crawl. (*Id.*) As to her ability to do work-related mental activities, CNP Sanchez assessed that due to pain and

---

[6] CNP Nora Sanchez is in the Department of Internal Medicine at the University of New Mexico Health Sciences Center. The Administrative Record contains ten (10) treatment notes by CNP Sanchez from May 31, 2012, through January 21, 2015. (Tr. 293-95, 297, 301, 305, 309, 369-72, 373-74, 415-18, 446-47, 467-70.) CNP Sanchez managed the medical care and treatment related to Ms. Garcia's diabetes type 2, diabetic neuropathy, hypertension, hyperlipidemia, macrolytic anemia, Turner's Syndrome, hearing loss, right knee pain, arthritis in both knees, and depression. (*Id.*)

fatigue, Ms. Garcia was markedly limited in her ability to (1) maintain attention and concentration for extended period; (2) perform activities within a schedule; (3) maintain regular attendance and be punctual within customary tolerance; (4) maintain physical effort for longer periods without a need to decrease activity or pace, or to rest intermittently; (5) sustain an ordinary routine without special supervision; (6) work in coordination with/or proximity to others without being distracted by them; and (7) complete a normal workday and workweek without interruptions from pain or fatigue based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods. (Tr. 9.)

Ms. Garcia argues that CNP Sanchez's medical source statements met all the criteria for the Appeals Council's consideration in her request for review; *i.e.,* the evidence was new because it was not duplicative or cumulative; it was material because there was a reasonable possibility it could change the outcome of the ALJ's determination; and it was related to the relevant period of time because it addressed a two-year period of time preceding April 15, 2015, which was before the ALJ's determination. (Doc. 21 at 13-17.) The Commissioner contends that the Appeals Council correctly determined that CNP Sanchez's medical source statements pertained to a time period after the ALJ's decision because even though the forms asked CNP Sanchez to consider Ms. Garcia's medical history from March 2013, she did not "relate her statements back [to] the period adjudicated by the ALJ." (Doc. 23 at 15-19.) The Commissioner also contends that CNP Sanchez is not an acceptable medical source and therefore could not offer a medical opinion. (*Id.*) Finally, the Commissioner contends that CNP Sanchez's medical source statements would not undermine the ALJ's decision because they are inconsistent with her notes and with the record as a whole. (*Id.*)

The Appeals Council will grant review of a case if, *inter alia*, "the claimant submits additional evidence that is new, material, and related to the period on or before the date of the ALJ decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b) *see also Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (holding that under 20 C.F.R. §§ 404.970(b) and 416.1470(b) the Appeals Council must consider evidence submitted with a request for review if it is new, material, and related to the period on or before the date of the ALJ's decision). This means the evidence is:

1. Not part of the claim(s) record as of the date of the ALJ decision;

2. Relevant, *i.e.*, involves or is directly related to issues adjudicated by the ALJ; and

3. Relates to the period on or before the date of the hearing decision, meaning it is (1) dated before or on the date of the ALJ decision, or (2) post-dates the ALJ decision but is reasonably related to the time period adjudicated by the ALJ.

**NOTE 1:** The AC does not apply a strict deadline when determining if post-dated evidence relates to the period at issue. There are circumstances when evidence dated after the ALJ decision relates to the period at issue. For example, a statement may relate to the period at issue when it postdates the decision but makes a direct reference to the time period adjudicated by the ALJ. This may be especially important in a claim involving a date last insured (DLI) where a statement from a treating source dated after an ALJ decision specifically addresses the time period before the DLI.

Commissioner's Hearings, Appeals and Litigation Manual ("HALLEX") I-3-3-6(B); *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (affirming that evidence is new if it is not duplicative or cumulative, and is material if there is a reasonable possibility it could change the outcome). The Tenth Circuit has repeatedly held that whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." *Krauser v. Astrue*,

638 F.3d 1324, 1328 (10th Cir. 2011) (quoting *Threet*, 353 F.3d at 1191) (citing *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004)).

> If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council considered it "in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings.

*Chambers*, 389 F.3d at 1142 (quoting *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)). "[O]ur general rule of *de novo* review permits us to resolve the matter and remand if the Appeals Council erroneously rejected the evidence." *Krauser*, 638 F.3d at 1328 (citing *Chambers*, 389 F.3d at 1142). Thus, the question before the Court; *i.e.,* whether the Appeals Council should have considered the medical source statements in Ms. Garcia's request for review, is a question of law subject to the Court's *de novo* review. *Threet*, 353 F.3d at 1191. And, although the Appeals Council rejected the newly submitted evidence on the ground that it was not related to the relevant time period, the Court addresses all three criteria as part of its *de novo* review.

CNP Sanchez's medical source statements are new evidence. "Evidence is new within the meaning of [404.970(b) and 416.1470(b)] if it is not duplicative or cumulative." *Threet*, 353 F.3d at 1191 (citations omitted). CNP Sanchez's medical source statements were not available to the ALJ at the time he made his decision. Additionally, there are no other medical assessments in the record from either a treating or examining source. For these reasons, this evidence is neither duplicative nor cumulative and is considered new.

CNP Sanchez's medical source statements are also material. Evidence is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." *Threet,* 353 F.3d at 1191 (citations omitted). Here, the ALJ relied on the opinions of

State agency nonexamining medical consultants John Pataki, M.D., and Myron Watkins, M.D., to make his RFC assessment. (Tr. 32-33.) CNP Sanchez, however, was Ms. Garcia's primary medical provider for the past five years. *See* SSR 06-03p, 2006 WL 2329939, at *4-5 (describing factors to consider in weighing other source evidence). Further, CNP Sanchez treated and/or referred Ms. Garcia for care directly related to the impairments she alleges render her disabled. *Id.* Although the Commissioner argues that CNP Sanchez is not an acceptable medical source and cannot render medical opinions, the medical source statements she generated are nonetheless relevant evidence that must be considered when making a determination about whether Ms. Garcia is disabled. 20 C.F.R. §§ 404.1527(b) and 416.927(b). The regulations fully contemplate the use of information from "other sources," both medical and non-medical, in making a determination about whether an individual is disabled. *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) (citing 20 C.F.R. §§ 404.1502, 404.1513(d), 416.902, 416.913(d)). The rulings further explain that

> medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinion from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p, 2006 WL 2329939, at *3. As such, CNP Sanchez's medical source statements are important and should be evaluated as to the severity of and the impact on Ms. Garcia's ability to do work-related physical and mental functions. Further, CNP Sanchez's medical source statements call into question the ALJ's RFC assessment because, if adopted, they would impose greater limitations on Ms. Garcia's abilities to do work-related physical and mental activities. For these reasons, this evidence is material.

Finally, CNP Sanchez's medical source statements relate to the period at issue. It is undisputed that the date on which CNP Sanchez completed the medical source statements post-dates the ALJ's decision. However, the medical source statements make a direct reference to the time period adjudicated by the ALJ; *i.e.,* March 2013 to the current examination.[7] (*Id.*) *See* HALLEX I-3-3-6(B) (noting that there are circumstances when evidence dated after the ALJ decision relates to the period at issue, such as when a statement makes a direct reference to the time period adjudicated). Moreover, the medical source statements directly relate to CNP Sanchez's treatment notes from March 13, 2013 through January 21, 2015, in which she indicated that Ms. Garcia was experiencing significant knee and leg pain due to arthritis, degenerative joint disease, and diabetic neuropathy, and that she was treating Ms. Garcia for, *inter alia*, macrolytic anemia and depression. (Tr. 369-72, 373-74, 415-18, 446-47, 467-70.) The medical source statements also corroborate Orthopedist Dr. Daniel C. Wascher's diagnoses that Ms. Garcia had significant degenerative joint disease and neuropathic pain for which he prescribed knee braces and Gabapentin. (Tr. 413-14, 445-46.) There is no evidence that the Appeals Council considered these circumstances when it determined whether to consider the additional evidence, as they were required to do. *Id.* Instead, the Appeals Council applied a strict deadline and determined that the evidence did not relate to the relevant time period because the medical source statements were dated after the ALJ's decision. This is error.

---

[7] The adjudicated period is January 2, 2012, the alleged onset date (Tr. 194), through January 30, 2015, the date of the ALJ's determination (Tr. 23-34). Here, it is not clear whether CNP Sanchez's assessments relate to the entirety of the period of time she considered; *i.e.,* March 2013 to current examination, or whether her assessments were as of the date of the "current examination." It is also not clear precisely what date she intended by "current examination." That said, there is no evidence that CNP Sanchez examined Ms. Garcia on April 15, 2015, the date she prepared the medical source statements, and there is evidence that CNP Sanchez last examined Ms. Garcia on January 21, 2015 (Tr. 467-70), a date *before* the ALJ's decision was rendered on January 30, 2015. As such, the Court finds that CNP Sanchez's assessments at the very least relate to Ms. Garcia's functional abilities as of January 21, 2015, if not before. On remand, the Appeals Council should consider developing the record to clarify the scope of CNP Sanchez's assessments given that Ms. Garcia's date of last insured is March 31, 2013.

Lastly, the Commissioner argues that even if the Court were to find that the medical source statements were chronologically relevant that they would not undermine the ALJ's decision. (Doc. 23 at 18-19.) Relying on the Tenth Circuit's holding in *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), the Commissioner asserts that the Court should conduct a substantial evidence review of the entire agency record, including the newly submitted evidence. (*Id.*) The Commissioner's reliance on *Vallejo,* however, is misplaced. In *Vallejo*, the claimant submitted new evidence to the Appeals Council which they accepted and considered when they denied review. *Vallejo*, 849 F.3d at 955-56. The claimant argued the Appeals Council erred in denying his request for review without first expressly evaluating his treating source's medical opinion. *Id.* at 954. The Tenth Circuit held there was no error because the regulations do not require the Appeals Council to expressly analyze evidence when denying review of the ALJ's decision. *Id.* at 955. The Tenth Circuit further held that when a claimant submits new evidence to the Appeals Council *and the Appeals Council accepts and considers it*, that evidence becomes a part of the record to be considered by the court in performing a substantial-evidence review. *Id.* at 955 (emphasis added); *see also Padilla v. Colvin*, 525 F. App'x 710, 712, n. 1 (10th Cir. 2013) (distinguishing the questions before the court when the Appeals Council rejects and does not consider additional evidence in denying review and when the Appeals Council accepts and considers evidence in denying review). In this case, the Appeals Council *did not accept or consider* the new evidence in denying Ms. Garcia's request to review the ALJ's decision. Thus, the only question before the Court is whether the Appeals Council should have done so. *Padilla*, 525 F. App'x at 712. It would be improper for this Court to perform a substantial-evidence review of the ALJ's decision by evaluating new evidence that was rejected below.

For the foregoing reasons, the Court finds that CNP Sanchez's medical source statements are chronologically pertinent and that the Appeals Council erroneously failed to consider them as part of Ms. Garcia's request for review. Therefore, this case must be remanded for the Appeals Council to review the new evidence as required under 20 C.F.R. §§ 404.970(b), 416.1470(b). *Krauser*, 638 F.3d at 1328.

### B. Remaining Issues

The Court will not address Ms. Garcia's remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### IV. Conclusion

For the reasons stated above, Ms. Garcia's Motion to Reverse and Remand for Rehearing (Doc. 21) is **GRANTED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge,**
**Presiding by Consent**